UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA       :     Criminal No. 09- 456(AET)

    v.                           :
                                            18 U.S.C. §§ 371 & 2
SHAWN CLARK                    :     29 U.S.C. § 501(c)

**I N D I C T M E N T**

**COUNT ONE**

(Conspiracy to Embezzle from Local 455)

The Grand Jury in and for the District of New Jersey, sitting in Newark, charges:

1.  At all times relevant to this Indictment unless otherwise stated:

    (a)  Local Branch 455 of the International Brotherhood of Carpenters and Joiners (hereinafter "Local 455") was a "labor organization" within the meaning of the provisions of Title 29, United States Code, Sections 152(5), 402(i) and 402(j). It represented and admitted to membership carpenters in Somerset and Hunterdon Counties in New Jersey.

    (b)  Defendant SHAWN CLARK was employed by the New Jersey Regional Council of Carpenters as a Business Representative from in or about December 2000 through in or about December 2007. He was also the de facto Business Manager and a member of the Executive Board of Local 455 during this same time period. As such, he was an officer and representative of a labor union, pursuant to Title 29,

United States Code, Section 402(q). As an officer and representative, he was also a fiduciary and his duties and obligations, pursuant to Section 501(a) of Title 29, United States Code, were, among others: (1) to hold money and funds of Local 455 solely for the benefit of the union and its members; (2) to manage and expend the union's funds in accordance with its constitution and by-laws; and (3) to avoid acting on his own behalf and for the benefit of any party whose interests were adverse to the interests of the union.

(c)  Defendant SHAWN CLARK possessed a credit card that was issued by American Express (the "AMEX card") to Local 455. It was intended to be used solely for the business and benefit of the local and its members.

(d)  M.B., a conspirator not charged as a defendant herein, was a member of the Local 455 Executive Board and was also a fiduciary, as defined in paragraph 1(b) above. Between approximately 2000 and 2007, M.B. was the Treasurer for Local 455 and maintained its financial books and records. He also reviewed the monthly disbursements for Local 455, including, but not limited to, those expenditures made by defendant SHAWN CLARK on the Local's AMEX card.

Gentlemen's Clubs

(e)  4 John Street, d/b/a Double D's, was a gentlemen's

club located in Morristown, New Jersey.

(f) Big Partners, Inc., d/b/a Johnny A's Hitching Post, was a gentlemen's club located in Paterson, New Jersey.

(g) LFR, Inc., d/b/a Torpedo's, was a gentlemen's club located in Bound Brook, New Jersey.

(h) Pure Go-Go, also known as Pure Sports, was a gentlemen's club located in Manville, New Jersey.

(i) Shooter's West 22 was a gentlemen's club located in Union, New Jersey.

(j) SHO Inc., d/b/a Showoff's, was a gentlemen's club located in West Orange, New Jersey.

Restaurants

(k) Bazooka's was a restaurant/bar located in Bridgewater, New Jersey.

(l) The Chimney Rock Inn was a restaurant/bar with locations in Bridgewater and Gillette, New Jersey.

Other Business Entities

(m) Staples was a business entity that provided for the sale, to the general public, of office supplies, technology, electronics and office furniture.

### The Conspiracy

2. From in or about December 2000 through in or about December 2007, in Somerset County, in the District of New Jersey, and elsewhere, defendant

### SHAWN CLARK

did knowingly and intentionally conspire and agree with others to embezzle, steal and unlawfully and willfully convert to his own use, and the use of others, money and funds of Local 455, a labor organization of which he was an officer and by which he was employed, directly and indirectly, by causing the union to pay for purchases made on the Local 455 AMEX credit card, totaling in excess of $85,000, contrary to Title 29, United States Code, Section 501(c).

### Object of the Conspiracy

3. It was the object of the conspiracy for defendant SHAWN CLARK to improperly spend Local 455 funds for his own personal use, and the use of others, including expenditures at gentlemen's clubs and restaurants, in violation of his fiduciary duties and position of trust.

### Manner and Means

#### Gentlemen's Clubs

4. It was a part of the conspiracy that defendant SHAWN CLARK made more than approximately 450 separate charges on Local 455's AMEX card at approximately fourteen different gentlemen's

clubs, totaling in excess of $65,000. These expenditures were for his own personal benefit and not for conducting official union business. Among the charges paid for by Local 455, during the time period described above, were the following:

| Gentlemen's Club | Number of Charges | Total |
| --- | --- | --- |
| Double D's | 331 | $49,709.00 |
| Johnny A's Hitching Post | 59 | $ 8,062.00 |
| Torpedo's | 26 | $ 3,561.00 |
| Pure Go Go | 9 | $ 2,359.00 |
| Shooter's West 22 | 13 | $ 1,272.00 |
| Showoff's | 3 | $ 1,248.00 |

Restaurants

    5. It was a further part of the conspiracy that defendant SHAWN CLARK improperly used Local 455's AMEX card at various restaurants and bars. For example, defendant SHAWN CLARK used Local 455's AMEX card on over 125 occasions at The Chimney Rock Inn, and over 40 occasions at Bazooka's, for total expenditures in excess of $7,000.00. Few of these expenditures were in the conduct of legitimate union business.

Other Charges

    6. It was a further part of the conspiracy that defendant SHAWN CLARK used Local 455's AMEX card to make hundreds of improper purchases at Staples and the United States Post Office that were not in the conduct of official union

business. These expenditures totaled approximately $18,000.00.

7. It was a further part of the conspiracy that M.B., as Treasurer of Local 455, on a monthly basis, reviewed the American Express statements for Local 455's credit card and, despite being aware of the impropriety of the expenditures by defendant SHAWN CLARK at gentlemen's clubs and restaurants, authorized the use of Local 455 funds to pay for the aforesaid American Express bills, in violation of his own fiduciary duties and position of trust.

8. It was a further part of the conspiracy that, in approximately the early summer of 2007, in an effort to conceal the impropriety of his expenditures, defendant SHAWN CLARK directed the owner of Pure Go-Go to arrange to have his future credit card purchases at that establishment read as purchases of "Pure Sports" on his monthly statements.

### Overt Acts

9. In furtherance of this conspiracy and to effect the object thereof, defendant SHAWN CLARK and co-conspirators committed and caused to be committed, among others, the following overt acts in District of New Jersey and elsewhere:

(a) On or about 12/29/00, defendant SHAWN CLARK charged approximately $313.75 on the AMEX card at Torpedo's.

(b) On or about 2/4/01, defendant SHAWN CLARK charged approximately $510 on the AMEX card at Torpedo's.

(c)  On or about 9/28/01, defendant SHAWN CLARK charged approximately $346.25 on the AMEX card at Double D's.

(d)  On or about 5/17/02, defendant SHAWN CLARK charged approximately $469.75 on the AMEX card at Double D's.

(e)  On or about 6/3/02, defendant SHAWN CLARK charged approximately $545.25 on the AMEX card at Double D's.

(f)  On or about 8/22/02, defendant SHAWN CLARK charged approximately $62.04 on the AMEX card at Bazooka's.

(g)  On or about 8/22/02, defendant SHAWN CLARK charged approximately $536.50 on the AMEX card at Double D's.

(h)  On or about 12/18/02, defendant SHAWN CLARK charged approximately $162.00 on the AMEX card at Torpedo's.

(i)  On or about 12/30/02, defendant SHAWN CLARK charged approximately $713.50 on the AMEX card at Double D's.

(j)  On or about 4/15/03, defendant SHAWN CLARK charged approximately $1,042.25 on the AMEX card at Double D's.

(k)  On or about 7/17/03, defendant SHAWN CLARK charged approximately $1,068.25 on the AMEX card at Double D's.

(l)  On or about 8/21/03, defendant SHAWN CLARK charged approximately $223.75 on the AMEX card at Shooter's West 22.

(m)  On or about 8/21/03, defendant SHAWN CLARK charged approximately $125.50 on the AMEX card at Double D's.

(n)  On or about 3/26/04, defendant SHAWN CLARK charged

approximately $444.25 on the AMEX card at Double D's.

(o) On or about 6/17/04, defendant SHAWN CLARK charged approximately $210.50 on the AMEX card at Shooter's West 22.

(p) On or about 11/23/04, defendant SHAWN CLARK charged approximately $522.00 on the AMEX card at Showoff's.

(q) On or about 4/26/05, defendant SHAWN CLARK charged approximately $112.00 on the AMEX card at Double D's.

(r) On or about 4/26/05, defendant SHAWN CLARK charged approximately $110.00 on the AMEX card at Johnny A's Hitching Post.

(s) On or about 10/18/05, defendant SHAWN CLARK charged approximately $99.50 on the AMEX card at Shooter's West 22.

(t) On or about 10/18/05, defendant SHAWN CLARK charged approximately $82.50 on the AMEX card at Double D's.

(u) On or about 12/23/05, defendant SHAWN CLARK charged approximately $490.50 on the AMEX card at Double D's.

(v) On or about 4/28/06, defendant SHAWN CLARK charged approximately $293.00 on the AMEX card at Double D's.

(w) On or about 11/7/06, defendant SHAWN CLARK charged approximately $180.25 on the AMEX card at Torpedo's

(x) On or about 6/12/07, defendant SHAWN CLARK charged approximately $77.71 on the AMEX card at the Chimney Rock

Inn.

    (y)  On or about 6/12/07, defendant SHAWN CLARK charged approximately $520.50 on the AMEX card at Pure Go Go.

    (z)  On or about 9/11/07, defendant SHAWN CLARK charged approximately $638.00 on the AMEX card at Pure Go Go.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH SIXTEEN

1. Paragraphs 1 and 3 through 9 Count One are hereby realleged and incorporated as if set forth fully herein.

2. On or about the dates below, in Somerset County, in the District of New Jersey and elsewhere, defendant

SHAWN CLARK,

as an officer and employee, directly and indirectly, namely, the Business Manager, of Local 455, a labor organization engaged in an industry affecting commerce, did knowingly embezzle, steal and unlawfully and willfully convert to his own use, and the use of others, money and funds of Local 455 by using a union credit card to pay for the following personal expenses, each representing a separate count of this Indictment:

| Count | Approximate Date | Approximate Amount | Alcohol, Food and Entertainment |
|---|---|---|---|
| Two | 6/25/04 | $331.50 | Double D's |
| Three | 8/6/04 | $312.50 | Double D's |
| Four | 8/13/04 | $303.75 | Double D's |
| Five | 10/21/04 | $431.50 | Johnny A's Hitching Post |
| Six | 1/21/05 | $300.00 | Double D's |
| Seven | 2/10/05 | $305.75 | Johnny A's Hitching Post |
| Eight | 3/17/05 | $326.50 | Double D's |
| Nine | 4/8/05 | $400.50 | Double D's |
| Ten | 4/26/05 | $222.00 | Johnny A's Hitching Post Double D's |
| Eleven | 6/17/05 | $328.75 | Double D's |
| Twelve | 9/23/05 | $435.00 | Showoff's |

| Count | Approximate Date | Approximate Amount | Alcohol, Food and Entertainment |
|---|---|---|---|
| Thirteen | 12/23/05 | $490.50 | Double D's |
| Fourteen | 6/12/07 | $520.50 | Pure Go Go |
| Fifteen | 7/10/07 | $312.50 | Pure Go Go |
| Sixteen | 9/11/07 | $638.00 | Pure Go Go |

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

A TRUE BILL

RALPH J. MARRA, JR.
Acting United States Attorney

11

CASE NUMBER: _____

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

SHAWN CLARK

## INDICTMENT FOR

18 U.S.C. §§ 371 & 2
and
29 U.S.C. § 501(c)

A True Bill,

*[signature]*

Foreperson

**RALPH J. MARRA, JR.**
ACTING U.S. ATTORNEY NEWARK, NEW JERSEY

JONATHAN W. ROMANKOW
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2884